**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-20729
(Summary Calendar)

EDDIE LEE ROWE, SR.,

                                        Plaintiff-Appellant,

                        versus

WALGREEN COMPANY;
TONY FRIZZELL,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-3739)

February 27, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    In this age and race employment discrimination case,
Plaintiff-Appellant Eddie Lee Rowe, Sr. appeals the "take nothing"
summary judgment granted by the district court.  Specifically, Rowe

---

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

complains that summary judgment was improvidently granted in the face of evidence purportedly creating genuine issues of material fact regarding disparate treatment, pretext for termination, intentional infliction of emotional distress, and the status of his last supervisor as an "employer." In broad overview, Rowe asserts that the district court weighed some of the evidence and ignored some of it, implying that the totality of the summary judgment evidence submitted by all parties was sufficient to create genuine issues of material fact and thus preclude summary judgment.

Our de novo review of the record in this case, the arguments of counsel as professionally and clearly presented in their respective briefs, and the detailed analysis of facts and law as set forth in the district court's Opinion on Summary Judgment, convinces us that the trial court indeed "got it right." Any issues of fact created by differences in the summary judgment evidence are either not genuine or not material. To the extent that Rowe makes a prima facie case of race discrimination (none is made for age discrimination), it is soundly rebutted by a plethora of evidence of non-pretextual, valid reasons for the employment actions taken by Walgreen supervisors. And Rowe's assertions of pretext are feckless. Rowe's protestations to the contrary notwithstanding, Walgreen and its supervisory personnel obviously bent over backwards in repeated efforts to salvage Rowe as a store manager. Indeed, it defies logic that a national retailer like Walgreen would go to the lengths and employ the subterfuges alleged

2

by Rowe to demote or constructively discharge its only black store manager in the entire Houston division, particular when that manager is also over 40 years of age.

It suffices that the totality of the summary judgment evidence does not create a genuine issue of material fact as to either race or age discrimination, constructive discharge, or intentional infliction of emotional distress. Neither does the evidence support Rowe's contention that, legally, Defendant-Appellant Frizzell was Rowe's employer, separate and apart from Walgreen, which was their common employer.

In sum, our plenary review leads us inevitably to the same conclusions as those reached by the district court and explicated in lucid detail in its Opinion on Summary Judgment. No useful purpose would be served by a reiteration here of the reasoning and authorities contained in the district court's explanation of the basis of its grant of summary judgment, so we elect not to write separately but rather to adopt by reference the opinion of the district court.

AFFIRMED.